UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

GUADALUPE MORENO CRISTIN,

            Petitioner,

            v.

CYNTHIA ARMANT, Warden,
Desert View Annex, et al.,

            Respondents.

Case No. 5:26-cv-04024-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.

## PROCEDURAL HISTORY

On July 18, 2026, petitioner Guadalupe Moreno Cristin ("Petitioner"), represented by counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1) and an "Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction" ("Application") (Docket No. 5).

/ / /

/ / /

1

The Petition alleges the following grounds for habeas relief: (1) Petitioner was arrested without a warrant and without probable cause that Petitioner was a flight risk, in violation of 8 U.S.C. §§ 1357(a)(2) and 1226(a); (2) Petitioner was arrested without a warrant, in violation of the Fourth Amendment; (3) Petitioner was arrested without probable cause to arrest him, in violation of the Fourth Amendment; and (4) Petitioner's detention violates his right to procedural due process under the Fourth Amendment.  (Id. at 5-8).[1]   The Petition seeks, among other things, Petitioner's immediate release from custody.  (Id. at 8-9).

On July 27, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 4), Respondents filed an Answer to the Petition ("Answer").  (Docket No. 8).  In the Answer, Respondent acknowledged that Petitioner appeared to be a member of the Bond Eligible Class of detainees certified in Maldonado Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista"), and that, as such, Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista.  (Docket No. 8 at 2 ["Respondent[s] acknowledge[] that Petitioner's claim in this action appears to be subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."]).[2]  In the Answer, Respondent also states that "[w]hile

---

[1]    For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

[2]    The members of the certified Bond Eligible Class are:  "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.  See Bautista, 813 F. Supp. 3d at 1084.  Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained

Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Id.).

On June 1, 2026, Petitioner file a Reply to the Answer and the Application ("Reply"). (Docket No. 9). In the Reply, Petitioner notes that Respondents do not dispute that Petitioner was arrested without a warrant and without an individualized finding that Petitioner was a flight risk. (Id. at 2-3). Petitioner contends that "a post-hoc bond hearing–the Government's fallback request, is no substitute for unwinding an unconstitutional seizure that should never have occurred," and that immediate release is the only adequate remedy. (Id.).

/ / /

---

under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (C.D. Cal. Apr. 17, 2026) (citation omitted). "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.[3]

## II.

## BACKGROUND[4]

Petitioner is a native and citizen of Mexico.  (Petition at ¶¶ 15, 21).  In approximately 2000, Petitioner entered the United States at or near the border without inspection, and has lived in the United States since then.  (Id. at ¶¶ 6, 15, 21).

On April 25, 2026, United States Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner in Rialto, California.  (Id. at ¶¶ 1, 4, 21, 25).  The ICE officers did not have a properly executed arrest warrant.  (Id. at ¶¶ 4, 21-22).  The ICE officers did not conduct an individualized analysis of the probability of Petitioner's risk of flight before his arrest.  (Id. at ¶¶ 220).

Petitioner has two children, both United States citizens.  (Id. at ¶¶ 7).

Petitioner suffers from a serious heart condition which requires medical treatment.  In July 2026, he was hospitalized for four days due to his heart condition and rectal bleeding, and he later was re-hospitalized.  (Id. at ¶¶ 2, 5, 8).

Petitioner is being detained at the ICE Desert View Facility in Adelanto, California.  (Petition at ¶¶ 1, 15-16; see https://locator.ice.gov/odls/#/results).

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3]    Based on the granting of the Petition, the Application is DENIED as moot.
[4]    The Background is drawn from the Petition.

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

### IV.

### DISCUSSION

**A.    Petitioner's First Claim Warrants Habeas Relief.**

The first claim in the Petition alleges that Respondents arrested Petitioner without a warrant and without demonstrating that they had probable cause to believe he posed a risk of flight, in violation of 8 U.S.C. §§ 1357(a)(2) and 1226(a). (Docket No. 1 at 17-18; see Docket No. 9 at 6-7).

/ / /

/ / /

1. <u>Legal Authority.</u>

Ordinarily, immigration officials must first obtain an administrative warrant before effectuating the civil arrest of a noncitizen. <u>See</u> <u>Arizona v. U.S.</u>, 567 U.S. 387, 408 (2012) ("If no federal warrant has been issued, those officers have more limited authority.") <u>Id.</u> Pursuant to 8 U.S.C. § 1226(a), the arrest of a noncitizen must be made "[o]n a warrant issued by the Attorney General." <u>Id</u>. "Under the [Immigration and Nationality Act], an officer may conduct a warrantless immigration arrest only if the officer "'has reason to believe that [1] the alien so arrested is in the United States in violation of any . . . law or regulation and [2] is likely to escape before a warrant can be obtained for his arrest.'" <u>Escobar Molina v. U.S. Dep't of Homeland Sec.</u>, 811 F. Supp. 3d 1, 30 (D.D.C. 2025) (quoting 8 U.S.C. § 1357(a)(2)). Pursuant to 8 C.F.R. § 287.8(c)(2)(i)-(ii), "an arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States," and "that the person is likely to escape before a warrant can be obtained." Although 8 U.S.C. § 1357(a)(2) uses the phrase "reason to believe," this has be construed to be "the equivalent of probable cause", since "aliens in this country are sheltered by the Fourth Amendment in common with citizens[.]" <u>Au Yi Lau v. U.S. Immigr. & Naturalization Serv.</u>, 445 F.2d 217, 222-23 (D.C. Cir. 1971); <u>see</u> <u>also</u> <u>Tejeda-Mata v. Immigr. & Naturalization Serv.</u>, 626 F.2d 721, 725 (9th Cir. 1980) ("The phrase 'has reason to believe' [in § 1357] has been equated with the constitutional requirement of probable cause."). "Put simply, immigration enforcement officers may conduct a warrantless civil immigration arrest only if they have probable cause to believe that a person is both in the United States unlawfully *and* an escape risk." <u>Escobar Molina</u>, 811 F. Supp. 3d at 30 (italics in original).

6

Here, Respondents have failed to respond to Petitioner's allegations that he was arrested without a warrant and with no facts supporting his warrantless arrest, *i.e.*, that, at the time of his arrest, Respondents had probable cause to believe that he posed a risk of flight. In fact, as Plaintiff notes (see Docket No. 9 at 2-3), Respondents failed to respond entirely to Petitioner's argument regarding his allegedly unlawful arrest. Thus, the Court construes Respondents' failure to address Petitioner's claim as their consent to the validity of the facts and arguments in support thereof pursuant to Central District of California Local Civil Rule 7-12.[5]

Petitioner alleges that his brother was driving him to work in a landscaping vehicle when they were stopped by ICE. (Petition at ¶ 25). The ICE officers told them they were stopped because ICE was looking for the owner of the vehicle. (Id.). The ICE officers asked for identification, and Petitioner presented his identification from Mexico. (Id. at ¶ 26). The ICE officers did not ask Petitioner about his family ties, his length of time in the United States, or anything that could have established the likelihood of Petitioner being a flight risk before a warrant could be obtained for his arrest. (Id.).

Given these undisputed facts, the Court finds no basis for finding there was probable cause that Petitioner posed a risk of escape. See Escobar Molina, 811 F. Supp. 3d at 31 ("Courts have also made the self-evidence findings that the likelihood of escape is lower when the individual has resided in the country for a lengthy period of time and has strong community ties."); United States v. Bautista-Ramos, Case

---

[5] Respondents' non-opposition itself provides a basis to grant the Petition. See Singh v. Chiang, Case No. 5:25-cv-3024-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing the government's failure to oppose argument raised by habeas petitioner as a concession); Soleimani v. Larose, Case No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where the government's answer to the petition did not respond to all claims in the petition).

No. 18-CR-4066-LTS, 2018 WL 5726236, at \*7 (N.D. Iowa Oct. 15, 2018) (finding no flight risk where ICE encountered the defendant at his place of employment, "a place he routinely visited," and information about the defendant, including long-term residence, employment, and United States citizen wife and daughters, supported his having strong ties to the community).

Thus, the Court finds that Respondents violated 8 U.S.C. §§ 1357(a)(2) and 1226(a), when they arrested Petitioner without a valid warrant and without probable cause to believe that he posed a risk of escape.

Given such violations, the Court concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, Case No. 5:25-cv-KK-DSR, 2025 WL 3236209, at \*7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). "Accordingly, Petitioner's release from custody is the appropriate remedy." Nazarian, 2025 WL 3236209, at \*7; see Esmail v. Noem, Case No. 2:25-cv-8325-WLH-RAO, 2025 WL 3030590, at \*6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

For the reasons set forth above, the Petition is GRANTED, and a writ shall issue ordering Petitioner's immediate release from custody.[6]

/ / /

---

[6]     The Court's determination that Petitioner is entitled to habeas relief on the first and third claim alleged in the Petition renders it unnecessary for the Court to address the second claim alleged in the Petition.

8

## V.

## ORDER

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner Guadalupe Moreno Cristin, from custody, subject to the same conditions (if any) that Petitioner was subject to at the time he was arrested and detained, and return all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: July 29, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

9